## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

AMINU ISSAH,                                    )
                                                )
        Petitioner,                             )
                                                )
v.                                              )      Case No. CIV-26-1069-SLP
                                                )
CHRIS GANTT, Warden, et al.,                    )
                                                )
        Respondents.                            )

## REPORT AND RECOMMENDATION

Petitioner Aminu Issah, a noncitizen[1] and Ghanaian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

## I.      Background

Petitioner, a citizen of Ghana, entered the United States on or around June 13, 2023, without inspection or admission near San Ysidro, California, and immigration authorities

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

detained him on the same day.  Resp. at 1; Doc. 9-1 at 1 (Notice to Appear); Doc. 9-2 (2023 Warrant for Arrest).  At that time, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 1-2; Doc. 9-1 at 1.  Also on June 13, 2023, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  Resp. at 2; Doc. 9-3 (Order of Release on Recognizance).  At some point later, Petitioner filed an application for asylum.  *See* Doc. 9-7 at 1 (order from Immigration Judge denying Petitioner's request for asylum).

On April 13, 2026, ICE re-detained Petitioner pursuant to a warrant after taking custody of him from the Oklahoma Highway Patrol.  Pet. at 4; Reply at 3; Doc. 9-5 at 2 (ICE Encounter Summary); Doc. 9-6 (2026 Warrant for Arrest).  Petitioner alleges he was not provided notice or a meaningful opportunity to respond to his re-detention.  Pet. at 6.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 7.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On May 11, 2026, an IJ ordered Petitioner removed.  Doc. 9-7 at 1, 3 (IJ Order of Removal).  However, on May 15, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is currently pending.  Doc. 9-8 at 1 (Receipt for Appeal to BIA); *see also* EOIR, Automated Case Information, *at*

https://acis.eoir.justice.gov/en/ (last accessed July 30, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1. Resp. at 3.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 30, 2026).

## II.     Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA"), Due Process, the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii).** Petitioner alleges his arrest and re-detention without a warrant violate 8 U.S.C. § 1226(a), his right to due process, and the Fourth Amendment. Pet. at 6.

- **Count II: Violation of ICE Regulations, Due Process, the INA, and the Administrative Procedures Act ("APA").** Petitioner alleges his re-detention without notice of the revocation of his Order of Release on Recognizance or a meaningful opportunity to respond violates 8 C.F.R. §§ 241.4 and 241.13, the INA, the APA, and his right to due process. Pet. at 6.

- **Count III: Violation of the INA and Due Process.** Petitioner alleges his continued detention without an individualized custody redetermination hearing where ICE must prove he is a flight risk or danger to the community violates § 1226(a) and his right to due process. Pet. at 6.

He asks to Court to order his "immediate release on prior conditions of release or any appropriate order of supervision" or alternatively, to order a "custody redetermination before a neutral decision maker where ICE has to prove with clear and convincing evidence that Petitioner is a flight risk or danger to the community," where the IJ must consider alternative to detention. *Id*. at 7.

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis

#### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner alleges detention without a custody redetermination hearing where the government must prove he is a flight risk or danger to the community

violates § 1226(a).  Pet. at 6; *see also* Reply at 5 (alleging his "detention is governed by § 1226(a) and not § 1225(b)(2)").  Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A).  Resp. at 7.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at 1239 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at 1237.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

---

[2] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498,

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

B.    **The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" or alternatively, a "custody redetermination before a neutral decision maker where ICE has to prove with clear and convincing evidence that Petitioner is a flight risk or danger to the community," where the IJ must consider alternatives to detention. Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide

---

502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

### C.     The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his detention violates his rights to substantive and procedural due process, the Fourth Amendment, the APA, 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.8(c)(2)(ii),[4] and other ICE regulations.[5] Pet. at 6. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to

---

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[4] To the extent Petitioner alleges he was detained without a warrant in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii), *see* Pet. at 2, 6 and Reply at 3, Respondents provided Petitioner's arrest warrant dated April 13, 2026—the same day of his re-detention. Doc. 9-6 (2026 Warrant for Arrest).

[5] To the extent Petitioner alleges Respondents violated 8 C.F.R. §§ 241.4 and 241.13, those regulations govern detention of noncitizens subject to a final order of removal and beyond the removal period. *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and 241.13." (citation modified)). Petitioner, though, has a pending appeal with his immigration proceedings and is not yet subject to a final order of removal.

7

decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

## V.      <u>**Recommendation and Notice of Right to Object**</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 6, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 11, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

8